

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,628

### EX PARTE LAWRENCE BENNY BROWN, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 09-12-24943-A IN THE 24TH DISTRICT COURT FROM VICTORIA COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful delivery of a controlled substance and sentenced to life imprisonment. His direct appeal was dismissed for want of jurisdiction. *Brown v. State*, 13-10-00506-CR (Tex. App.–Corpus Christi, January 13, 2011).

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal.

The trial court has determined that trial counsel failed to timely file a notice of appeal. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 09-12-24943-A from the 24th Judicial District Court of Victoria County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: September 14, 2011
Do Not Publish